## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Hearvy Brown, | Case No. 11-cv-2859 (JRT/ECW) |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT & RECOMMENDATION** |
| Cal Ludeman, Lucinda Jesson, Dennis Benson, Greg Carlson, Kevin Moser, David Prescott, Janine Hebert, Tom Lundquist, Elizabeth Barbo, Debbie Tao, Julie Rose, Allison Collins, Angie Tobiason, Terri Barnes, Brian Ninneman, Terry Kneisal, Scott Benoit, Ann Zimmerman, Darian Menten, Beth Virden, and John Doe, each sued in their individual capacity and in their official capacity, | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Dismiss (Dkt. 34); Plaintiff's request for Rule 11 sanctions contained in his "Memorandum of Law in Support of Plaintiffs' Motion to Not Dismiss the Complaint" (Dkt. 53); Plaintiff's Motion to Consolidate Cases (Dkt. 41); and Plaintiff's Motion for the Appointment of Counsel (Dkt. 59).

The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

For the reasons stated below, the Court recommends granting the Motion to Dismiss and denying Plaintiff's request for Rule 11 sanctions. The Court also denies the Motion to Consolidate Cases and the Motion for the Appointment of Counsel.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Operative Complaint

Plaintiff Hearvy Brown ("Brown" or "Plaintiff"), a patient of the Minnesota Department of Human Services ("DHS"), is currently involuntarily committed to the care and custody of DHS as a sexually dangerous person pursuant to Chapter 253B, and is confined at the Minnesota Sex Offender Program ("MSOP") at Moose Lake, Minnesota. (Dkt. 1 ¶¶ 11, 35-36.)  DHS has not provided Brown a date certain by which he will be released from the care and custody of DHS or confinement at MSOP.  (*Id.* ¶ 36.)

Plaintiff alleges that the twenty-one Defendants acted in their individual and official capacities as employees of DHS in all respects material to this action.  (*Id.* ¶ 32.) That said, Plaintiff has also named a John Doe Hennepin County employee as a Defendant, but has yet to identify or serve that employee as part of this action.  (*Id.* ¶ 31.)

Brown's single-spaced, 84-page, and over 274-paragraph Complaint alleges the following Causes of Action against Defendants, which incorporate every preceding paragraph:

### 1.     First Cause of Action: Failure to Provide Treatment

Defendants failed to provide Plaintiff the best available and most qualified treatment with an intent to punish him, in violation of his rights, privileges, and immunities guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; Article I, sections 2, 5, 6, and 7 of the Minnesota Constitution, and Chapter 2538, of the Minnesota Civil Commitment & Treatment Act.  (*Id.* ¶¶ 218-220.)

**2.      Second Cause of Action: Unreasonable Restrictions on Free Speech**

Defendants' actions constitute unreasonable and unwarranted restrictions on

Plaintiff s right to freedom of speech and expression and his right to freedom of religion

with an intent to punish him, in violation of his rights, privileges, and immunities

guaranteed by the First Amendment to the United States Constitution; and article I,

sections 2, 5, 6, and 7 of the Minnesota Constitution.  (*Id.* ¶¶ 221-223.)

**3.      Third Cause of Action: Unreasonable Searches and Seizures**

Defendants' actions constitute unreasonable searches and seizures with an intent to

punish Plaintiff, in violation of his rights, privileges, and immunities guaranteed by the

Fourth and Fifth Amendments to the United States Constitution; and article I, sections 2,

5, 6, and 7 of the Minnesota Constitution.  (*Id.* ¶¶ 224-226.)

**4.      Fourth Cause of Action: Invasion of Privacy**

Defendants' actions constitute unreasonable and gross invasions of Plaintiff's

privacy with an intent to punish him, in violation of his rights, privileges, and immunities

guaranteed by the Fourth and Fifth Amendments to the United States Constitution; and

article I, sections 2, 5, 6, and 7 of the Minnesota Constitution.  (*Id.* ¶¶ 227-229.)

**5.      Fifth Cause of Action: Denial of Access to Legal Materials and Counsel**

Defendants' actions deprived Plaintiff of his constitutional right to legal materials

and right to counsel in violation of his rights, privileges, and immunities guaranteed by

the First, Fourth, Fifth, and Sixth Amendments to the United States Constitution; and

article I, sections 2, 5, 6, and 7 of the Minnesota Constitution.  (*Id.* ¶¶ 230-231.)

**6.    Sixth Cause of Action: Denial of the Right to Liberty**

Defendants' actions deprived Plaintiff of his constitutional right to liberty in

violation of his rights guaranteed under the Fourth, Fifth, Sixth, and Fourteenth

Amendments to the United States Constitution; and article I, sections 2, 5, 6, and 7 of the

Minnesota Constitution.  (*Id.* ¶¶ 230-231.)

**7.    Seventh Cause of Action: Denial of the Right to Religion and Religious
        Freedom**

Defendants' actions deprived Plaintiff of his constitutional right to his religious

freedom in violation of his rights guaranteed under the First, Fifth, and Fourteenth

Amendments to the United States Constitution; and article I, sections 2, 5, 6, and 7 of the

Minnesota Constitution.  (*Id.* ¶¶ 236-237.)

**8.    Eighth Cause of Action: Denial of Less Restrictive Alternative**

Defendants' actions deprived Plaintiff of his constitutional right to a less

restrictive alternative placement in violation of rights guaranteed under the First, Fifth,

and Fourteenth Amendments to the United States Constitution; and article I, sections 2, 5,

6, and 7 of the Minnesota Constitution.  (*Id.* ¶¶ 239-240.)

**9.    Ninth Cause of Action: Cruel and Unusual Punishment**

Defendants' actions deprived Plaintiff of his right to be free from cruel and

unusual punishment under the First, Fifth, and Fourteenth Amendments to the United

States Constitution; and article I, sections 2, 5, 6, and 7 of the Minnesota Constitution.

(*Id.* ¶¶ 242-243.)

10.    **Tenth Cause of Action: Right to Be Free from Double Jeopardy**

Defendants' actions deprived Plaintiff of his right to be free from double jeopardy

under the First, Fifth, and Fourteenth Amendments to the United States Constitution; and

article I, sections 2, 5, 6, and 7 of the Minnesota Constitution.  (*Id.* ¶¶ 245-246.)

11.    **Eleventh Cause of Action: Denial of Due Process in Violation of 14th Amendment**

Defendants' actions deprived Plaintiff of his right to due process under the

Fourteenth Amendment to the United States Constitution; and article I, sections 2, 5, 6,

and 7 of the Minnesota Constitution.  (*Id.* ¶¶ 248-249.)

12.    **Twelfth Cause of Action: Conspiracy to Deny Due Process in Violation of 14th Amendment and 42 U.S.C. § 1985(3)**

Defendants conspired to deprive Plaintiff of his right to due process under the

Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1985; and

article I, sections 2, 5, 6, and 7 of the Minnesota Constitution.  (*Id.* ¶¶ 251-253.)

13.    **Thirteenth, Fourteenth, and Sixteenth Causes of Action: State Causes of Action**

Plaintiff asserts a number of state common law causes of action, including

intentional infliction of emotional distress; negligent infliction of emotional distress; and

negligent hiring and credentialing.  (*Id.* ¶¶ 254-59, 263-65.)

14.    **Fifteenth Cause of Action: Obligation of Contracts**

Defendants' actions violated the Contracts Clause, U.S. Const. art. I, 10, cl. 1,

Minn. Const. art. I, 2, or Minn. Const. art. XII, 1 and article I, sections 2, 5, 6, and 7 of

the Minnesota Constitution.  (*Id.* ¶ 261.)

15. **Seventeenth Cause of Action: Totality of the Conditions**

Plaintiff alleges that Defendants' conduct has made Plaintiff suffer the totality of the conditions in violation of the Fourteenth Amendment.  (*Id.* ¶ 264.)

16. **Eighteenth Cause of Action: Supervisor Liability**

Plaintiff asserts that Defendants have made him suffer because of their failure to supervise their employees in violation of the Fourteenth Amendment.  (*Id.* ¶ 270.)

17. **Nineteenth Cause of Action: Violation of the Police Powers of the State**

In his final cause of action, Plaintiff alleges that Defendants are in violation of the abuse of *parens patriae* powers of the state in violation of the Tenth Amendment of the United States Constitution.  (*Id.* ¶ 273.)

Plaintiff is seeking relief for these causes of action in the form of compensatory damages, punitive damages, declaratory relief, and injunctive relief.

**B.   *Karsjens* and the Stay**

On January 25, 2012, the present case was stayed pending certification of a class in *Karsjens v. Harpstead,* Case No. 11-cv-03659 ("*Karsjens*").  (Dkt. 23.)  On July 24, 2012, United States District Judge Donovan Frank certified the *Karsjens* plaintiff class, which included Brown, as the class definition was "[a]ll patients currently civilly committed in the Minnesota Sex Offender Program pursuant to Minn. Stat. § 253B."  (11-cv-03659, Dkt. 203 at 11.)  The gravamen of the operative Third Amended Complaint ("TAC") in *Karsjens* dealt with the allegations that Minn. Stat. §253D is unconstitutional on its face and as applied to the plaintiffs and class members because the nature and duration of commitment under that statute is not reasonably related nor narrowly tailored

to the purpose of commitment; and alleged violations of the plaintiffs' and class members' constitutional, statutory, and common law rights to (1) receive proper care and treatment, best adapted, according to contemporary professional standards, (2) be free from punishment in violation of those rights, (3) have less restrictive confinement, (4) be free from inhumane treatment in violation of those rights, (5) have religious freedom, (6) have free speech and association, (7) be free from unreasonable searches and seizures, and (8) be free from an invasion of privacy.  (11-cv-3659, Dkt. 635 ¶ 1.)

The TAC also detailed the lack of treatment for rehabilitation purposes for residents of the MSOP; alleged improper discipline and punishment suffered by MSOP residents, including delaying delivery of mail; denying residents a library and law library; depriving them of recreational activities and exercise; restricting what can be bought from the inmate store; denying educational programming; denying employment; denying access to the yard; closing inmates in their cell; removing furniture; taking away visiting rights and the lack of due process involved; providing a non-therapeutic environment; improper cell conditions; double bunking; improper strip searches, including when residents leave or re-enter the perimeter of a MSOP facility; the fact that residents were subject to random cell searches, monitoring of telephone calls, shackling and other physical restraints, opening of correspondence; inadequate medical treatment; the inability to keep personal computers; limitations on visitation; limited employment opportunities; an inadequate diet; limiting and censoring publications or portions thereof; keeping residents who have filed lawsuits separate from other residents; religious restrictions; and the lack of an opportunity to be released from MSOP.  (11-cv-3659, Dkt. 365 ¶¶ 85-205.)

The TAC in *Karsjens* asserted the following thirteen counts: (I) the Minnesota Commitment and Treatment Act ("MCTA") (Minn. Stat. chapter 253D) is facially unconstitutional; (II) the MCTA is unconstitutional as applied; (III) failure to provide treatment in violation of the Fourteenth Amendment; (IV) failure to provide treatment in violation of the MCTA; (V) denial of the right be free from punishment; (VI) denial of the right to less restrictive alternative confinement; (VII) denial of the right to be free from inhumane treatment; (VIII) denial of religious freedom; (IX) unreasonable restrictions on free speech and free association; (X) unreasonable searches and seizures; (XI) violations of court ordered treatment; (XII) breach of contract; and (XIII) tortious interference with contractual rights and intentional violation of Minn. Stat. § 253B.03. subd. 7.  (11-cv-3659, Dkt. 635 ¶¶ 226-352.)  These claims were asserted against the defendants in their official capacities.  (*Id.* ¶ 1.)

Upon the defendants' motion to dismiss in *Karsjens*, the district court dismissed Counts IV, XI, XII, and XIII with prejudice on April 10, 2015.  (11-cv-3659, Dkt. 1005.) In the first *Karsjens* appeal, the Eighth Circuit entered judgment in the defendants' favor as to Counts I and II.  *See Karsjens v. Piper*, 845 F.3d 394, 410-11 (8th Cir. 2017) ("*Karsjens I*").  On remand, the district court subsequently dismissed Counts III, V, VI, and VII with prejudice and granted summary judgment on the remaining claims, Counts VIII, IX, and X without prejudice.  (11-cv-3659, Dkt. 1108 at 42.)

The Eighth Circuit reversed the dismissal of Counts V, VI, and VII and remanded them for reconsideration under a different standard.  *See Karsjens v. Lourey*, 988 F.3d 1047, 1053-54 (8th Cir. 2021) ("*Karsjens II*") ("On remand, the district court is instructed

8

to consider the claim of inadequate medical care under the deliberate indifference standard outlined in *Senty-Haugen*, and to consider the remaining claims under the standard for punitive conditions of confinement outlined in *Bell*.").

On remand, the district court again dismissed with prejudice the remaining claims – Counts V, VI, and VII. *See Karsjens v. Harpstead*, No. CV 11-3659 (DWF/TNL), 2022 WL 542467, at *18 (D. Minn. Feb. 23, 2022). An appeal is pending on that decision. (Case No. 22-1459 (8th Cir. March 4, 2022).

The stay was lifted in this matter on October 3, 2022, and the Court ordered Defendants to submit a new response to the Complaint. (Dkts. 32, 33.) Defendants again brought a Motion to Dismiss, which is now before the Court, and the Court gave Brown the opportunity to file a response. (Dkt. 40.)

## II.    LEGAL STANDARD

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaints must be taken as true. *See Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). In addition, a court must afford the plaintiff all reasonable inferences from those allegations. *See Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). At the same time, to withstand a motion to dismiss under Rule 12(b)(6), litigants must properly plead their claims under Federal Rule of Civil Procedure 8 and meet the principles articulated by the United States Supreme Court in *Iqbal* and *Twombly*.

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[T]he plausibility standard, which requires a federal court complaint to 'state a claim for relief that is plausible on its face, . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 717 (8th Cir. 2011) (internal quotation and citation omitted). Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

Following *Twombly* and consistent with *Iqbal*, the Eighth Circuit explained:

> While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests.

> **A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint**.

*Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (cleaned up) (emphasis added). *Pro se* complaints are construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citations omitted).

### III.   ANALYSIS

In their Motion to Dismiss, Defendants make myriad arguments, including that: the Complaint violates Rule 8(a)(2)'s requirement that Plaintiff set forth a short plain statement of the case and the Complaint does not allege the personal involvement of any Defendant and that Causes of Action 1-4, 6-12, 15, and 17 of the Complaint against Defendants in their official capacities should be dismissed as barred under claim preclusion because they were addressed and dismissed in *Karsjens*.  (Dkt. 36 at 7-12.) Further, Defendants argue that claim preclusion also bars all potential official capacity claims on facts also alleged in *Karsjens*, not only the stated causes of action.  (*Id.* at 12-15.)  In addition, Defendants claim that issue preclusion further bars every issue actually litigated and determined in *Karsjens* as to all Defendants with respect to the individual capacity claims.  (*Id.* at 16-17.)  Finally, Defendants contend that all of the federal causes of action fail to state a claim for relief, they are entitled to qualified immunity, that any monetary damages against them in their official capacities is barred by the Eleventh Amendment; and that the Court should decline supplemental jurisdiction as to the state law claim.  (*Id.* at 17-33.)

Plaintiff did not directly respond to any of the arguments, and instead asserted that Defendants' counsel should be sanctioned under Rule 11 of the Federal Rules of Civil Procedure because he failed to mention with respect to Defendants' claim preclusion arguments that claims addressed in *Karsjens* are not the same as those in the present case because counsel in *Karsjens* did not argue for the application of the correct legal standard as set forth in *Youngberg*, which the Court understands to be a reference to *Youngberg v. Romeo*, 457 U.S. 315 (1982).[1]  (Dkt. 53 at 5.)  Because Brown failed to respond to these arguments in his opposition, he has waived any arguments opposing the Motion.  *See Tate v. Scheidt*, No. 15-3115 (WMW/JSM), 2016 WL 7155806, at *6 (D. Minn. Oct. 7, 2016), *R.& R. adopted*, 2016 WL 7175593 (D. Minn. Dec. 7, 2016) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.  The federal courts will not invent legal arguments for litigants.") (cleaned up); *see also Johnson v. Bank of New York Mellon*, No. 22-CV-2848 (ECT/LIB), 2023 WL 204088, at *4 (D. Minn. Jan. 17, 2023) ("Moreover, Johnson has not provided any legal basis to oppose the Bank's arguments for dismissal of this claim, and thus any such arguments have been waived.").  As such, the Complaint should be dismissed on this basis.

---

[1]     In this regard, the fact "that counsel in *Karsjens* did not argue for the application of the correct legal standard—does not affect the Court's conclusion.  Claim preclusion arises from the operative facts and claims asserted in the prior matter, not the parties' arguments made therein."  *Greene v. Benson*, No. 11-CV-979 (JRT/DJF), 2023 WL 3815422, at *7 (D. Minn. June 5, 2023) (footnote and citation omitted).

**A.      Rule 8 Pleading**

Further, as argued by Defendants, under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Gurman v. Metro Hous. & Redev. Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011) ("A complaint must be concise, and it must be clear."). It is Brown's burden, "under both Rule 8 and Rule 11, to reasonably investigate [his] claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." *Gurman*, 842 F. Supp. 2d at 1153. As the *Gurman* Court noted:

> This Court has repeatedly criticized the filing of "kitchen-sink" or "shotgun" complaints—complaints in which a plaintiff brings every conceivable claim against every conceivable defendant. Such complaints are pernicious for many reasons. *See Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 981 (11th Cir. 2008) ("The unacceptable consequences of shotgun pleading are many."). For one thing, complaints like the one in this case unfairly burden defendants and courts. The plaintiff who files a kitchen-sink complaint shifts onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support. In this case, for example, plaintiffs have essentially coughed up an unsightly hairball of factual and legal allegations, stepped to the side, and invited the defendants and the Court to pick through the mess and determine if plaintiffs may have pleaded a viable claim or two.

*Id.* (footnote omitted) (dealing with a 60 page and almost 250 paragraph complaint).

That is exactly the problem faced by the Court and Defendants with respect to Brown's 84-page, 274-paragraph Complaint, with largely conclusory causes of action that incorporate every preceding paragraph. This has placed "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Richards v. Dayton*, No. CIV. 13-3029

JRT/JSM, 2015 WL 1522199, at *10 n. 10 (D. Minn. Jan. 30, 2015), *R. & R. adopted sub nom.* 2015 WL 1522237 (D. Minn. Mar. 30, 2015) (dealing with a pro se complaint) (citing 5 Wright and Miller, Federal Practice and Procedure § 1281, p. 522).

Brown has invited the Court to act as his counsel to piece together viable claims, which the Court cannot do even though Brown is acting pro se. *See Gregory*, 565 F.3d at 473. Further, "judges are not like pigs, hunting for truffles buried in briefs or Complaints." *Adams v. Sch. Bd. of Anoka-Hennepin Indep. Sch. Dist. No. 11*, No. CIV. 02-991 RHK/AJB, 2002 WL 31571207, at *3 (D. Minn. Nov. 18, 2002) (cleaned up) (citation omitted); *see also Richards*, 2015 WL 1522199, at *10 n.10. Moreover, Brown makes little effort to differentiate between any of the 21 Defendants named in this action, with all causes of action brought with respect to every Defendant in their personal capacities and no facts alleged to show which, if any, of the Defendants might have actually engaged in the specific conduct giving rise to the claim. *See S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) ("Government officials are personally liable only for their own misconduct."). For all of these reasons, the Complaint should be dismissed without prejudice, unless the Court recommends dismissal with prejudice on other grounds identified in this Report and Recommendation.[2]

---

[2] The Court also notes that the John Doe Hennepin County employee has never been served or identified, despite the passing of a decade, and therefore, given the dismissal of the named parties, the Court also recommends dismissal of the claim against the John Doe Defendant without prejudice. *See* Fed. R. Civ. 4(m); *see also Kaplan v. Harrington*, No. CV 22-0640 (JRT/JFD), 2023 WL 1797872, at *14 (D. Minn. Feb. 7, 2023) ("There is no prohibition on filing actions against unknown defendants. However, John Doe defendants must be identified and served within 90 days of the commencement of the action. Fed. R. Civ. P. 4(m). In some limited cases, an action may proceed against

**B.     Official Capacity Claims**

This Court also recommends granting Defendants' Motion to Dismiss with respect to Brown's claim for monetary damages against the individual MSOP Defendants in their official capacities, as claims for damages are precluded by the Eleventh Amendment. The Eleventh Amendment states that the Court's jurisdiction does not "extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State. . . ." U.S. Const. amend. XI.  The Eleventh Amendment also "bars suits against a State by citizens of that same State as well." *Papasan v. Allain*, 478 U.S. 265, 276 (1986) (citation omitted).  The Eleventh Amendment generally bars suits for monetary damages against a State, unless that immunity has been waived by the State or expressly abrogated by Congress. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 (8th Cir. 1999).

Further, the Supreme Court has held that official capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690, n.55 (1978)).  In other words, a suit against a state official in his or her official capacity "is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citation

---

a party whose name is unknown if 'the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.' *Est. of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  Because more than 90 days have passed, and because Plaintiffs' allegations are not specific enough to identify John Does #1–10 after the named parties are dismissed, the Court will dismiss all claims against John Doe Defendants without prejudice.").

omitted).  "The Eleventh Amendment bars such suits unless the State has waived its immunity."  *Id.* at 66.  The State of Minnesota has not waived its sovereign immunity. *See Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 800 (8th Cir. 2002).  Thus, Brown's claims against Defendants in their official capacities for money damages are barred by the Eleventh Amendment and the claims should be dismissed without prejudice.  *See Herta v. McBride*, No. CV 21-1956 (DSD/HB), 2021 WL 5001792, at \*2 (D. Minn. Sept. 30, 2021), *appeal dismissed*, No. 21-3353, 2022 WL 802694 (8th Cir. Jan. 4, 2022), *cert. denied*, 142 S. Ct. 2713 (2022) ("The Eleventh Amendment therefore strips the court of jurisdiction over Herta's § 1983 claims, and the court dismisses those claims without prejudice.").

The Court acknowledges that under the doctrine established in *Ex parte Young*, 209 U.S. 123 (1908), "state officials may be sued in their official capacities for prospective injunctive relief when the plaintiff alleges that the officials are acting in violation of the Constitution or federal law."  *Mo. Child Care Ass'n v. Cross*, 294 F.3d 1034, 1037 (8th Cir. 2002) (citing *Ex parte Young*, 209 U.S. at 159-60); *see Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges **an ongoing violation of federal law and seeks relief properly characterized as prospectiv**e.") (emphasis added) (cleaned up).  However, the exception is "narrow"; it **"applies only to prospective relief"** and **"does not permit judgments against state officers declaring that they violated federal law in the past."**  *P.R. Aqueduct & Sewer Auth. v. Metcalf &*

*Eddy, Inc.*, 506 U.S. 139, 146 (1993) (emphasis added) (citing *Green v. Mansour*, 474

U.S. 64, 73 (1985) ("[T]he issuance of a declaratory judgment in these circumstances

would have much the same effect as a full-fledged award of damages or restitution by the

federal court, the latter kinds of relief being of course prohibited by the Eleventh

Amendment.")); *see also Care Comm. v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011)

("Under the *Ex Parte Young* doctrine, a private party can sue a state officer in his official

capacity to enjoin a prospective action that would violate federal law.")  Moreover, the

state official must have "some connection with the enforcement of the [challenged] act."

*Reprod. Health Servs. of Planned Parenthood v. Nixon*, 428 F.3d 1139, 1145 (8th Cir.

2005) (citing *Ex parte Young*, 209 U.S. at 157).

The Complaint is problematic with respect to Plaintiff's claims for prospective

relief against Defendants in their official capacities for the same reasons set forth above

regarding the causes of actions asserted against Defendants.  Any claims for prospective

relief violate Rule 8(a)(2) and Rule 11, and also seek vague prospective relief to remedy

the purported myriad acts of wrongdoing.  (*See, e.g.,* Dkt. 1 ¶¶ 9, 10, 209, 274, Prayer for

Relief ¶¶ 10-11.)  Even assuming that Brown had colorable claims that policies in place

at the MSOP when he filed this action might have unlawfully infringed the constitutional

rights of MSOP clients, it is possible such claims have been mooted by changes to those

policies and practices over the intervening decade.  *See Jackson v. Ellison*, No. 12-CV-

0550 (JRT/ECW), 2023 WL 1767829, at *1 (D. Minn. Jan. 17, 2023) (citation omitted),

*R. & R. adopted*, 2023 WL 1767302 (D. Minn. Feb. 3, 2023) ("Insofar as Jackson seeks

injunctive relief from the defendants in their official capacities, he cannot bring claims

that necessarily imply the wholesale invalidity of his civil detention, and any claims seeking injunctive relief from specific policies in place at the facility where Jackson was detained when he filed this action may have become moot due to Jackson's subsequent transfer to prison."); *see also Pittman v. Swanson*, No. 11-CV-3658 (PJS/TNL), 2023 WL 2404044, at \*25-26 (D. Minn. Jan. 27, 2023), *R. & R. adopted*, 2023 WL 2238703 (D. Minn. Feb. 27, 2023) ("There is also a more practical concern: To the extent that plaintiffs seek prospective relief from policies in place at MSOP in 2011 or 2012, it is doubtful that that those policies remain in effect, at least in all respects.  Many aspects of plaintiffs' remaining claims for injunctive relief have likely become moot as a result of these policy amendments, as MSOP has altered procedures to take account of client concerns or the direction of courts of this District.") (footnote omitted).  Indeed, it is not apparent that the same Defendants are still in a position with respect to the enforcement of the challenged acts.[3]  *See Reprod. Health Servs.*, 428 F.3d at 1145.

Counts 1-4, 6-12, 15, and 17 of the Complaint, to the extent they assert claims against MSOP Defendants in their official capacities, are also barred on the additional basis that they have already been litigated as part of the *Karsjens* litigation.  Because Brown was among the class members pursuing relief in *Karsjens* (11-cv-3659, Dkt. 203 at 11), any official capacity constitutional claims in this action duplicative of those

---

[3]     By way of example, the Complaint lists Defendants Cal Ludeman and Lucinda Jesson as Commissioners of the Minnesota Department of Huma Services (Dkt. 1 ¶¶ 12-13), however, the present Commissioner is Jodi Harpstead.  *See* https://mn.gov/dhs/media/executive-staff-bios/ (last visited July 6, 2023); *see also* Fed. R. Civ. P. 12(d); *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (considering information that is part of the public record on a Rule 12 motion).

litigated in *Karsjens* dealing with the conditions and treatment at MSOP are now barred

by the doctrine of claim preclusion and should also be dismissed on this additional basis.[4]

*See Jamison v. Ludeman et al.*, 11-cv-2136 (PAM/DTS), 2023 WL 2088302, at *2 (D.

---

[4]     The Eighth Circuit has explained the applicability of claim preclusion and its
elements as follows:

> Under federal common law, the doctrine of res judicata, or claim preclusion,
> applies when "(1) the first suit resulted in a final judgment on the merits; (2)
> the first suit was based on proper jurisdiction; (3) both suits involve the same
> parties (or those in privity with them); and (4) both suits are based upon the
> same claims or causes of action." *Costner v. URS Consultants, Inc.*, 153 F.3d
> 667, 673 (8th Cir. 1998). "[W]hether two claims are the same for res judicata
> purposes depends on whether the claims arise out of the same nucleus of
> operative fact or are based upon the same factual predicate." *Murphy v.
> Jones*, 877 F.2d 682, 684-85 (8th Cir. 1989). Under the doctrine of res
> judicata, "a final judgment on the merits of an action precludes the parties or
> their privies from relitigating issues that were or could have been raised in
> that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d
> 308 (1980).

*Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018).  There is no dispute that the *Karsjens*
court was a court of competent jurisdiction and that *Karsjens* resulted in a final judgment.
*See Bishop v. Swanson*, No. 12-CV-135 (KMM/DTS), 2023 WL 1786468, at *8 (D.
Minn. Jan. 24, 2023), *R. & R. adopted*, 2023 WL 2523902 (D. Minn. Mar. 15, 2023)
("*Karsjens* has culminated in a final judgment on the merits, and that case features no
plausible jurisdictional question.").  While an appeal is still pending in *Karsjens*, claim
preclusion applies to a final judgment even if it is subject to an appeal unless the appeals
court reverses the lower court.  *See Magee v. Hamline University*, 1 F. Supp. 3d 967, 975
n.5 (D. Minn. 2014) (quoting *Dickinson v. Ewing* (In re Ewing), 852 F.2d 1057, 1060
(8th Cir. 1988)), *aff'd*, 775 F.3d 1057 (8th Cir. 2015) ("It is well established in the federal
courts that 'the pendency of an appeal does not diminish the res judicata effect of a
judgment rendered by a federal court.'").  Further, "'privity' is 'merely a word used to
say that the relationship between the one who is a party on the record and another is close
enough to include that other within res judicata.'"  *Elbert,* 903 F.3d at 782 (cleaned up).
Courts in this District have concluded that where the remaining defendants, like those in
the present case, are sued in their official capacities, and are sued in connection with
their alleged roles and responsibilities as representatives of MSOP, the element of privity is
satisfied.  *See Greene*, 2023 WL 3815422, at *5 (D. Minn. June 5, 2023); *see also
Micklus v. Greer*, 705 F.2d 314, 317 (8th Cir. 1983) (quotation omitted).

Minn. Feb. 17, 2023) (D. Minn. Feb. 17, 2023) (finding claim preclusion as to similar claims); *Allen v. Jesson*, 11-cv-1611-ADM-LIB (ECF No. 58) (D. Minn. March 27, 2023) (same)), *R & R. adopted* (Dkt. No. 67) (D. Minn. April 27, 2023); *Greene v. Benson, et al.*, D. Minn. Case No. 11-cv-0979 (JRT/TNL), *R & R.* (Dkt. 154) (June 5, 2023) (same).

To the extent that Brown's remaining official capacity claims throughout the Complaint are arguably different than those raised in *Karsjens*, including those in Cause of Action 5 (Denial of access to legal materials and counsel), 18 (Supervisor Liability under the Fourteenth Amendment) and 19 (Violations of Police power under the Tenth Amendment), they are nevertheless barred, as claims that arise "out of the same nucleus of operative facts as the prior claim" are precluded. *Yankton Sioux Tribe v. U.S. Dep't of Health & Hum. Servs.*, 533 F.3d 634, 641 (8th Cir. 2008) (citation omitted); *see also Plough v. W. Des Moines Comm. Sch. Dist.*, 70 F.3d 512, 515 (8th Cir. 1995) ("[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.") (cleaned up).  Further, there is no need to parse through the 84-page, 274-paragraph Complaint for potentially viable claims left unconnected to any stated cause of action as it is clear that Plaintiff "has merely presented different legal claims which spring from the same set of facts as *Karsjens*." *Jamison*, 2023 WL 2088302, at *2 (marks and citation).  Both the *Karsjens* TAC and the present Complaint are based on broad allegations regarding the conditions of commitment at MSOP in 2011.  (*Compare Karsjens* TAC ¶¶ 1, 16, *with* Dkt. 1 (both complaints describing themselves as advancing broad, generalized challenges to

20

treatment, conditions, and policies within MSOP).)  Therefore, because Brown's remaining official capacity claims arise from the same nucleus of facts as those asserted in *Karsjens*, they are barred under the doctrine of claim preclusion and should be denied on this additional basis with prejudice.  *Greene*, 2023 WL 3815422, at *8.

For all of the reasons stated above, the Court finds that Defendants' Motion to Dismiss should be granted.

### IV.   BROWN'S REQUEST FOR SANCTIONS

In his opposition to the Motion to Dismiss, captioned a "Memorandum of Law in Support of Plaintiffs' Motion to Not Dismiss the Complaint," Brown seeks sanctions against Defendants' counsel under Rule 11 of the Federal Rules of Civil Procedure based on Defendants' argument that *Karsjens* precludes his lawsuit.  (*See* Dkt. 53.)  In particular, Brown asserts that Defendants' counsel should be sanctioned under Rule 11 of the Federal Rules of Civil Procedure because he failed to mention with respect to Defendants' claim preclusion arguments that claims addressed in *Karsjens* are not the same as those in the present case on the ground that counsel in *Karsjens* did not argue for the application of the correct legal standard as set forth in *Youngberg*.  Even to the extent that *Karsjens* applied an incorrect legal standard, which is disputed, and counsel in *Karsjens* did not argue for the application of the correct legal standard, this has no bearing on claim preclusion.  As stated previously, claim preclusion arises from the operative facts and claims asserted in the prior matter, not the parties' arguments made therein."  *Greene,* 2023 WL 381542 2, at *7 (citation omitted).  Accordingly, the Court recommends denying Brown's Request for Rule 11 sanctions.

## V.   NON-DISPOSITIVE MOTIONS

### A.   Plaintiff's Motion to Consolidate Cases (Dkt. 41)

Brown seeks consolidation of this case with other civil rights cases involving civilly committed persons, namely: *Brown v. Ludeman, et al.*, D. Minn. Case No. 11-cv-02859 (JRT/ECW); *Greene v. Benson, et al.*, D. Minn. Case No. 11-cv-0979 (JRT/TNL); *Jamison v. Ludeman et al.*, D. Minn. Case No. 11-cv-02136 (PAM/DTS); *Allan v. Jesson, et al.*, D. Minn. Case No. 11-cv-01611 (ADM/ LIB); *Scott* N. 11-cv-3714; *Hartleib*, No. 12-cv-0344; and *White v. Dayton, et al.*, D. Minn. Case No. 11-cv-03702.  (Dkt. 41.)

Given that the Court is recommending dismissal of the present action and the majority of cases that Plaintiff seeks to have consolidated have been dismissed or are subject to a Report and Recommendation recommending dismissal, there is no basis to order consolidation at this time.  *See* Fed. R. Civ. P. 42.  Therefore, the Motion is denied as moot.

### B.   Motion for the Appointment of Counsel (Dkt. 59)

Plaintiff filed the present Motion for Appointment of Counsel after the briefing had been completed on Defendants' Motion to Dismiss.  Plaintiff asserts that counsel is necessary given the complexity of the issues in this case; his ability to investigate has been hampered given his confinement; the issue of having to deal with credibility issues between witnesses; his inability to present the case because he has no legal training; and the merits of the present action.  (Dkt. 60.)

In civil proceedings, there is no constitutional nor statutory right to appointed counsel.  *See Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  However, "[i]n civil

rights matters the court may, pursuant to 28 U.S.C. § 1915, 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Relevant factors in determining whether appointment of counsel is appropriate are the factual complexity of the case, the complexity of the legal arguments, the ability of the litigant to present her claims, and whether both the parties and the Court would benefit from the indigent being represented by counsel. *See Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citing *Edgington v. Missouri Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds, Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005)); *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986) (quoting *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984)).

Here, the Court finds that the appointment of counsel is not warranted, given that: the Court cannot conclude that this matter is factually or legally complex; Plaintiff has demonstrated at least a baseline ability to litigate in federal court; Plaintiff did not seek appointment of counsel until after briefing was complete on the Motion to Dismiss; and because the Court is recommending dismissal of the action, which alleviates any difficulties related to litigating from MSOP. For these reasons, the Court denies the motion for appointment of counsel.

## VI.   ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Plaintiff's Motion to Consolidate Cases (Dkt. 41) is **DENIED** as moot; and

2. Plaintiff's Motion for the Appointment of Counsel (Dkt. 59) is **DENIED**.

## VII.   RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED THAT**:

1.     Defendants' Motion to Dismiss (Dkt. 34) be **GRANTED**;

2.     That claims for monetary damages against Defendants in their official

capacities be dismissed **WITHOUT PREJUDICE**;

3.     That the prospective relief sought against Defendants sought in their

official capacities be dismissed **WITH PREJUDICE**;

4.     That the remainder of the claims against Defendants be dismissed

**WITHOUT PREJUDICE**; and

5.     Plaintiff's Request for Rule 11 Sanctions contained in his "Memorandum of

Law in Support of Plaintiffs' Motion to Not Dismiss the Complaint" (Dkt. 53) be

**DENIED**.

Dated: July 7, 2023                                    *s/Elizabeth Cowan Wright*
                                                       ELIZABETH COWAN WRIGHT
                                                       United States Magistrate Judge

24

## <u>NOTICE</u>

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).