UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

HEARVY BROWN,

                                    Plaintiff,

v.

CAL LUDEMAN, LUCINDA JESSON, DENNIS BENSON, GREG CARLSON, KEVIN MOSER, DAVID PRESCOTT, JANINE HEBERT, TOM LUNDQUIST, ELIZABETH BARBO, DEBBIE TAO, JULIE ROSE, ALLISON COLLINS, ANGIE TOBIASON, TERRI BARNES, BRIAN NINNEMAN, TERRY KNIESAL, SCOTT BENOIT, ANN ZIMMERMAN, DARIAN MENTEN, BETH VIRDEN, and JOHN DOE, *each in their individual capacity and in their official capacity*,

                                    Defendants.

Civil No. 11-2859 (JRT/ECW)

MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION AND AFFIRMING THE ORDER

---

Hearvy Brown, 1111 Highway 73, Moose Lake, MN 55767, pro *se* Plaintiff.

Aaron Winter, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, Saint Paul, MN 55101, for Defendants.

Plaintiff Hearvy Brown alleges that Defendants deprived him of his federal and state constitutional and statutory rights while confined to the Minnesota Sex Offender Program ("MSOP"). He brought this action against Defendants each in their individual capacities and in their official capacities as employees of the Department of Human Services. Defendants moved to dismiss Brown's claims as precluded by the final judgment

in the *Karsjens* class action, and for failure to state a claim upon which relief can be granted. *See Karsjens v. Harpstead*, No. 11-3659, 2022 WL 542467, at *1 (D. Minn. Feb. 23, 2022), *aff'd*, 74 F.4th 561 (8th Cir. 2023). Brown opposes that motion and subsequently moved for appointment of counsel, to consolidate cases, and requested Rule 11 Sanctions. Because the Court finds that the Magistrate Judge did not clearly err in denying Brown's Motion to Consolidate Cases or the Motion for the Appointment of Counsel, the Court will affirm the Magistrate Judge's order. Because the Court agrees with the Magistrate Judge that Brown's Complaint violates Rule 8 of the Federal Rules of Civil Procedure, that he waived any argument against the Motion to Dismiss, and that each of his claims are barred by claim preclusion based on the final judgment in the *Karsjens* class action, the Court will grant Defendants' Motion to Dismiss and dismiss each of Brown's claims with prejudice. Finally, the Court will deny Brown's request for Rule 11 sanctions.

## BACKGROUND

**I.     FACTS**

Hearvy Brown is a patient in the Minnesota Sex Offender Program ("MSOP"), which is operated by the Minnesota Department of Human Services ("DHS"). (Compl. ¶ 11, Sept. 28, 2011, Docket No. 1.) Brown alleges that Defendants, who he claims were all employed by the State of Minnesota and/or the DHS, violated his constitutional rights. (*Id.* ¶¶ 11.B–31.) Specifically, Brown alleges that the conditions of his confinement were unconstitutionally restrictive, Defendants restricted his liberty, Defendants imposed

punishment without due process, and Defendants failed to provide him with adequate treatment. (Compl. at 1–2.) The bulk of Brown's allegations are pled broadly against all named Defendants, without specifying each individual Defendant's conduct. (*See generally* Compl.; *see also* R. & R. at 2–6, July 7, 2023, Docket No. 64 (summarizing Browns' causes of action).) Brown brought claims against the Defendants in both their individual and official capacities "as employees of the [Department of Human Services]." (Compl. ¶ 32.) He asks for damages, injunctive relief, and declaratory relief, among other relief. (*Id.* at 77–80.)

Brown brought this action against Defendants twelve years ago in 2011. (*See generally* Compl.) This case was then stayed pending the disposition of a class action challenging the conditions of confinement at the MSOP, *Karsjens v. Minnesota Department of Human Services*, Case No. 11-3659, and in which Brown was a class member. (Order Staying Case at 10–11, Jan. 25, 2012, Docket No. 19.) Final judgment was entered in *Karsjens*, and the stay was lifted on October 3, 2022. (Order Lifting Stay at 24–25, Oct. 3, 2022, Docket No. 32.)

After the stay was lifted, Defendants filed a Motion to Dismiss the Complaint. (Mot. Dismiss, Jan 3, 2023, Docket No. 34.) Brown subsequently filed a Motion to Consolidate, a Motion for the Appointment of Counsel, and a request for Rule 11 sanctions as part of his opposition to Defendants' Motion to Dismiss. (*See* Mot.

Consolidate Cases, Jan. 23, 2023, Docket No. 41; Mot. Appoint Counsel, Mar. 29, 2023, Docket No. 59; Mem. Law Opp. Mot. Dismiss at 6, Mar. 20, 2023, Docket No. 53.)

Magistrate Judge Elizabeth Cowan Wright issued an order denying the Motion to Consolidate Cases and the Motion for the Appointment of Counsel. (*See* R. & R. at 23.) The Magistrate Judge also issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' Motion to Dismiss and deny Brown's request for Rule 11 sanctions. (*Id.* at 24.) Brown appeals the Magistrate Judge's order and objects to the Magistrate Judge's R&R recommending dismissal of his claims. (*See generally* Pl.'s Obj. R. & R., July 26, 2023, Docket No. 65.)

## DISCUSSION

### I.   STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774 at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3). When reviewing de novo, the Court will review the case from the start, as if it is the first court to review and weigh in on the issues. *See Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) ("When *de novo* review is compelled, no form of appellate deference is acceptable."). "Objections which are not specific but merely repeat

arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

A document filed by a pro se litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Eighth Circuit has been willing to liberally construe otherwise general pro se objections to R&Rs and to require a de novo review of all alleged errors. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) ("[E]ven had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given such a concise record."). However, "pro se litigants are not excused from failing to comply with substantive or procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**II.   ANALYSIS**

Although Brown's pro se status and the dispositive nature of some of these motions favors de novo review, the Court will review each of the Magistrate Judge's orders and recommendations for clear error because the Court finds that Brown has not "properly" objected to the R&R. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition [of a dispositive motion]

that has been properly objected to."). It is well established that objections which are not specific, or which merely repeat arguments presented to a Magistrate Judge, are not entitled to de novo review. *See, e.g., Martinez v. Astrue*, No. 10–5863, 2011 WL 4974445, at *3 (E. D. Pa. Oct. 19, 2011) (collecting cases).

After carefully reviewing Brown's objection, the Court finds that Brown neither raises arguments not previously considered by the Magistrate Judge nor identifies the specific portions of the Magistrate Judge's analysis or recommendations that he finds to be erroneous. After reviewing the pleadings and papers, the Court concludes that the Magistrate Judge did not clearly err and will adopt the R&R's analysis of Brown's claims in full. (*See* R. & R. at 9–23.) The Court will therefore affirm the order denying Brown's motions to consolidate cases and for appointment of counsel and will adopt the R&R's recommendations.

Even if the Court were to apply de novo review in this case, the Court agrees with the Magistrate Judge that the Complaint must be dismissed because Brown waived arguments against Defendants' Motion to dismiss by not directly responding to any of their arguments. *See Tate v. Scheidt*, No. 15-3115, 2016 WL 7155806, at *6 (D. Minn. Oct. 7, 2016), *report & recommendation adopted*, 2016 WL 7175593 (D. Minn. Dec. 7, 2016) ("A party's failure to oppose specific arguments in a motion to dismiss results in waiver of those issues.") (citing cases). The Complaint also violates Rule 8 of the Federal Rules of Civil Procedure because Brown's 84-page, 274-paragraph Complaint contains

largely conclusory statements and fails the requirement to contain "short and plaint statement[s] of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Gurman v. Metro Hous. & Redev. Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011) (noting that "kitchen-wink" or "shotgun" complaints unfairly burden defendants and courts).

The only argument that Brown affirmatively makes in his relatively short objection is that his claims are not precluded by the outcome in the *Karsjens* class action because the attorneys in that case failed to raise *Youngberg v. Romero*, 457 U.S. 307 (1982), before the District Court. The Court recently explained why that argument fails in dismissing a case brought by a fellow MSOP patient and *Karsjens* class member. *See Greene v. Benson*, 2023 WL 5016653, at *3 (D. Minn. Aug. 7, 2023). Ultimately, Brown's claims are barred because claim preclusion is based on the facts of the case and not on the arguments raised by counsel. *Id.* Additionally, the Eighth Circuit has already determined all *Karsjens* class members "waived the application of the *Youngberg* professional-judgment standard by failing to raise it" on appeal. *Karsjens*, 74 F.4th at 569–571. While there may be reasoned disagreement with the result in *Karsjens*, the Court is bound by the decision and must dismiss this case.

## CONCLUSION

The Court concludes that the Magistrate Judge did not clearly err in denying the Motion to Consolidate Cases or the Motion for the Appointment of Counsel. The Court also concludes that Brown's Complaint must be dismissed because it does not meet the

Federal Rules of Civil Procedure Rule 8 requirements, because he waived arguments in opposition of the Motion to Dismiss, and because his claims are all barred by claim preclusion based on the *Karsjens* judgment. Finally, the Court denies Brown's request for Rule 11 sanctions.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's order [Docket No. 64] denying Brown's Motion to Consolidate Cases [Docket No. 41] and denying Brown's Motion for the Appointment of Counsel [Docket No. 59] is **AFFIRMED**;

2. Brown's Objection to the Magistrate Judge's Report and Recommendation [Docket No. 65] is **OVERRULED**;

3. The Magistrate Judge's Report and Recommendation [Docket No. 64] is **ADOPTED;**

4. Defendants' Motion to Dismiss [Docket No. 34] is **GRANTED;**

5. Brown's Complaint [Docket No. 1] is **DISMISSED WITH PREJUDICE;** and,

6. Brown's request for Rule 11 Sanctions contained in his opposition to the Motion to Dismiss [Docket No. 53] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  September 5, 2023
at Minneapolis, Minnesota.

                                          JOHN R. TUNHEIM
                                   United States District Judge